**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MUNDO VERDE PUBLIC CHARTER SCHOOL | : | |
| | : | |
| 30 P St NW | : | |
| Washington, DC 20001 | : | |
| | : | |
|     Plaintiff, | : | Civil Action No. 22-cv-2290 |
| | : | |
|     v. | : | |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| A Municipal Corporation, | : | |
| One Judicial Square | : | |
| 441 Fourth Street, N.W. | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| Defendant | : | |
| | : | |
|     Defendant. | : | |

## COMPLAINT

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. A true and correct copy of the adverse decision is attached hereto as Exhibit 1. Mundo Verde Public Charter School ("Mundo Verde") is an aggrieved party as a result of the adverse decision and is entitled to appeal and to seek review by this Court.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. §§ 3000 *et seq*. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3. Plaintiff is a District of Columbia public charter school which has elected to be its own local education agency ("LEA") under IDEA for special education purposes.

4. Defendant is the District of Columbia ("the District'), a municipal corporation that also receives federal funds pursuant to the IDEA, to ensure access to a free and appropriate public education ("FAPE") to all children until twenty-one years of age under federal law and twenty-two years of age under the local law. See 20 U.S.C. § 1411; 5-E D.C.M.R. §§ 3001, 3004. The District is obligated to comply with all applicable federal regulations and statutes including but not limited to the IDEA. See 20 U.S.C. § 1412 (a)(1)(A). The Office of the State Superintendent for Education ("OSSE") are non-sui juris of the District of Columbia.

## FACTUAL ALLEGATIONS

5. J.P. is a seven-year-old student who will be entering third grade for the 2022-2023 school year.

6. J.P. is classified as a student with autism. His current IEP dated September 17, 2021 prescribes placement in a special education day school.

7. J.P. is enrolled at Mundo Verde and is presently placed at CARD Academy, a private day school for students with disabilities.

8. Transportation is a related service required by J.P.'s IEP. The IEP notes the following needs related to transportation:

   1) Behavior intervention needs: Jamison is a student with Autism Spectrum Disorder, and he requires a 1:1 dedicated bus aide (he receives one in school as

      well). He has constant non-compliance and elopes. He often spaces out and play acts internal action scenes.

      2) Specialized equipment: specialized seatbelt.

9. J.P.'s parents share joint physical and legal custody pursuant to a custody order issued by the Superior Court of the District of Columbia on November 19, 2021. J.P.'s mother resides in the District of Columbia and his father resides in Prince George's County, Maryland. Pursuant to the November 19, 2021 custody order the parents alternate custody every other week.

10. J.P. is a bona fide resident of the District of Columbia for school enrollment purposes and is lawfully enrolled in a District of Columbia LEA.

11. OSSE has assumed the responsibility for providing the related service of transportation to students with disabilities in the District of Columbia.

12. OSSE's "Special Education Transportation Policy" was last updated on November 6, 2013 and states the following:

      1) The purpose of this document is to establish a uniform system of standards and procedures for special education transportation services in the District of Columbia that is consistent with the Individuals with Disabilities Education Act (IDEA) requirement to provide a free, appropriate public education (FAPE) to all students with disabilities.

      2) It is the expectation of the Office of the State Superintendent of Education (OSSE) that all LEAs adhere to this Policy. OSSE DOT shall provide special education transportation services to students with disabilities when transportation

is appropriately identified and documented on an IEP as a related service under the IDEA.

3) It is the responsibility of the IEP Team to determine, on an individual basis, whether transportation is required to assist a student with a disability with accessing special education and related services, and if so, how the transportation services should be implemented.

4) LEAs are responsible for reimbursement costs related to the provision of special education transportation services that arise out of court orders or HODs that determine that the LEA has failed in its obligation to provide FAPE. If a court order or HOD finds that the student has been denied FAPE by the LEA which is attributable to a failure by OSSE DOT to provide special education transportation services in accordance with the student's IEP, OSSE DOT will be responsible for reimbursing the transportation costs in accordance with the order or HOD.

5) Pick-Up and Drop-Off Locations and Times. OSSE DOT will provide one round trip from each student's residence in the District of Columbia to the student's attending school per school day. The student's address provided to OSSE DOT shall match the address used to establish District of Columbia residency. OSSE DOT will not change a student's route to accommodate the student or parent for personal reasons (e.g. accommodations of non-FAPE related child care, one-time or sporadic changes in pick-up or drop-off locations for the student's or parent's convenience). Parents are responsible for making their own arrangements for days that the student needs pickup and drop-off services from locations other than the address on record with OSSE DOT.

13. J.P.'s IEP appropriately identifies and documents his need for the related service of transportation.

14. Pursuant to District of Columbia law, for the purposes of the Uniform Per Student Funding Formula, transportation of students with disabilities and payment of tuition for private placements of children with disabilities are considered state level costs. As such, OSSE provides and funds special education transportation for students with disabilities.

15. OSSE is responsible for paying the cost of education, including special education and related services, of a student with a disability when the student is placed in a nonpublic special education school.

16. J.P. has been placed in a private placement pursuant to an agreement by the IEP team and an October 25, 2021 Hearing Officer's Decision ("HOD"). Specifically, the HOD concluded that the student requires placement in a more restrictive environment than Mundo Verde is able to provide, namely a special education day school capable of meeting the behavioral support and intervention needs of severely dysregulated children with autism.

17. On December 1, 2021, OSSE issued a location assignment to CARD Academy in Alexandria, Virginia.

18. J.P. began attending that placement on January 10, 2022.

19. The placement is funded by OSSE.

20. Mundo Verde reached out to OSSE's Department of Transportation ("DOT") in early December 2021 to determine whether OSSE DOT would provide transportation, pick-up and drop-off, from the father's home in Prince George's County, Maryland.

5

OSSE informed Mundo Verde that it would only provide transportation to and from the mother's District of Columbia address and would not provide transportation to and from the father's address in Maryland. Mundo Verde pleaded with OSSE to provide transportation for the student to and from both parents' addresses to no avail.

21. During the 2021-2022 school year, while J.P. was attending CARD, Mundo Verde provided an Uber for the father to take the student to school in the morning and pick him up in the afternoon during the weeks that he has custody of the student.

22. Mundo Verde filed a due process complaint against OSSE on January 24, 2022 alleging that OSSE denied J.P. a free appropriate public education by failing to provide transportation between the father's residence in Maryland and CARD's facility in Alexandria.

23. The parties agreed that most, if not all, issues of fact were not disputed and that the matter was capable of decision on a record of stipulated facts. The parties briefed summary judgment motions and the hearing officer rendered a decision on May 5, 2022.

24. The hearing officer found in favor of OSSE concluding that OSSE was not obligated to accommodate the parents' domestic arrangement and that OSSE's facially neutral policy, limiting services only to students physically residing in the District, did not preclude J.P. from receiving a FAPE from OSSE.

25. The hearing officer's decision was made in error.

26. The hearing officer's conclusions were not supported by the evidence.

27. The hearing officer applied incorrect legal standards in reaching his conclusions.

## COUNT 1

Mundo Verde appeals the hearing officer's decision repeating and realleging the allegations in paragraphs 1 through 27, on the following primary grounds:

28. The hearing officer's conclusions were not supported by the evidence.

29. The hearing officer applied incorrect legal standards in reaching his conclusions.

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Issue a Judgment for Plaintiff and against Defendant on all aforementioned counts;

2. Order that the Hearing Officer's Decision be reversed;

3. Order Defendant to reimburse Plaintiff for costs incurred providing transportation to the student when he resides with his father;

4. Order Defendant to provide transportation to the student pursuant to his IEP when he resides with his father; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Lauren E. Baum*
Lauren E. Baum, Esq.
D.C. Bar No. 989351
Law Office of Lauren E. Baum, PC
3573 Warder Street, NW, #2
Washington, DC 20010
202-450-1396
l.baum@laurenebaumlaw.com